IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| **DONALD GENE RHOADES,** § <br> **TDCJ No. 1891186,** § <br> § <br> Petitioner, § <br> § <br> v. § <br> § <br> **LORIE DAVIS, Director,** § <br> **Texas Department of Criminal Justice,** § <br> **Correctional Institutions Division,** § <br> § <br> Respondent. § | Civil Action No. 7:18-cv-00079-O-BP |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is a Petition for a Writ of Habeas Corpus filed by Petitioner Donald Gene Rhoades pursuant to 28 U.S.C. § 2254 on June 5, 2018. ECF No. 1. After considering the pleadings and the applicable law, the undersigned **RECOMMENDS** that United States District Judge Reed C. O'Connor **DISMISS** the Petition for Writ of Habeas Corpus (ECF No. 1) **with prejudice** as time-barred.

## BACKGROUND

Petitioner Donald Gene Rhoades ("Rhoades") is a prisoner confined in the Allred Unit of the Texas Department of Criminal Justice ("TDCJ") in Iowa Park, Texas. ECF No. 1 at 1. According to Rhoades's Petition for a Writ of Habeas Corpus (the "Petition"), he challenges his September 23, 2013, conviction. *Id.* at 2. The TDCJ website reflects that Rhoades was sentenced on September 26, 2013, for injury to an elderly individual. Offender Information Details, TDCJ, https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=02984053 (last visited July 6, 2018). He was given a life sentence. *Id.* Rhoades filed a direct appeal in the Eleventh Court

of Appeals in Eastland, Texas, which affirmed his sentence on September 17, 2015. *Id.* at 3. According to his Petition, he has not filed any other petitions concerning his conviction.

In his Petition, Rhoades states the following grounds for habeas relief: (1) lack of jurisdiction of the state trial court because of a void or defective complaint; (2) no evidence to support or sustain his conviction; (3) ineffective assistance of trial counsel; (4) ineffective assistance of appellate counsel; and (5) violation of the right to a fair trial. *Id.* at 6–8. He requests as relief that that this Court order briefing and an evidentiary hearing, or remand to the state trial court. *Id.* at 7.

Because Rhoades's Petition appeared to be time-barred, the Court entered an order on June 12, 2018, requiring him to show cause why it was not. ECF No. 4. Rhoades responded on July 5, 2018.

## LEGAL STANDARD AND ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of several dates, including, relevant to this case, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A). A later application for state habeas relief has no effect on AEDPA's limitations period. *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999); *see also Roberts v. Cockrell*, 319 F.3d 690, 694–95 (5th Cir. 2003); *Scott v. Johnson*, 227 F.3d 260, 262–63 (5th Cir. 2000).

Rhoades was convicted in September 2013. ECF No. 1 at 2; TDCJ Website. The appeals court affirmed his sentence on September 17, 2015. ECF No. 1 at 3. He had thirty days to appeal

to the Texas Court of Criminal Appeals. Tex. R. App. Pro. 68.2. Therefore his one-year limitations period began to run on October 17, 2015, and ended October 17, 2016. *See* 28 U.S.C. § 2244(d)(1)(A). Rhoades filed his Petition in this Court on June 4, 2018, over a year after the end of the statute of limitations period under AEDPA, and therefore the Petition is time-barred.

In his response to the Court's order to show cause why his Petition was not time-barred, Rhoades argues that the original indictment in his criminal case was deficient and therefore the court in that case had no jurisdiction. ECF No. 5 at 2. His argument appears to be that because subject-matter jurisdiction cannot be forfeited or waived, such claims can never be time-barred in a habeas petition. ECF No. 2 at 11–12, 19–20 (citing *Ex parte Moss*, 446 S.W.3d 786 (Tex. Crim. App. 2014); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)); *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 264, 130 S. Ct. 1367, 1367–1377 (2010); *Pearson v. State*, 431 S.W.3d 733 (Tex. App—Houston [14th Dist.] 2014, pet. ref'd)). The cases Rhoades cites did not consider AEDPA or federal habeas review, and Rhoades cites no cases that do. The proposition from the majority of these cases refers to the obligation of an appellate court to review whether the court has subject-matter jurisdiction over the case before it. *Arbaugh*, 546 U.S. at 513. There is no apparent relevance of these cases to the question of whether a collateral proceeding, which is a separate action from the original criminal case, can be time-barred under AEDPA.

"[A]t issue in [petitioner's] claim is not that the court lacks power to adjudicate this case—his § 2255 motion—but rather a want of jurisdiction in his criminal case. Jurisdictional claims are subject to the one-year limitations period for § 2255 claims . . . . In sum, the statutory limitations on § 2255 review apply to jurisdictional claims." *United States v. Scruggs*, 691 F.3d 660, 666–67 (5th Cir. 2012). The same is true of § 2254 cases, and the Court of Appeals for Fifth Circuit and

other courts within this circuit have dismissed habeas petitions under AEDPA's statute of limitations even though the petitioner alleged a defective indictment in his criminal case. *E.g. McCreary v. Dir.*, TDCJ-CID, CIV.A. 6:06CV167, 2006 WL 1318713, at *1 (E.D. Tex. May 15, 2006) (citing *Scott v. Johnson*, 227 F.3d 260 (5th Cir. 2000)) ("The Fifth Circuit . . . has enforced [AEDPA's] one year statute of limitations even though a petitioner alleged the indictment was defective."); *Hill v. Dir., TDCJ-CID*, CIV.A. 6:09CV229, 2009 WL 2047224, at *1 (E.D. Tex. July 7, 2009); *McComb v. Lawler*, CIV.A.1:08CV595LGRHW, 2009 WL 367222, at *1 (S.D. Miss. Jan. 27, 2009); *Bewton v. Cockrell*, CIV.A.4:03-CV-0102-A, 2003 WL 21350358, at *2 (N.D. Tex. June 6, 2003).

In other words, a lack of subject-matter jurisdiction based on a defective indictment could not have been waived in Rhoades's original, criminal case. However, by bringing these grounds in the instant habeas petition, he is not challenging this Court's jurisdiction. His habeas petition remains subject to AEDPA's statute of limitations, which bars it as untimely.

## CONCLUSION

After considering the pleadings and the applicable law, the undersigned **RECOMMENDS** that United States District Judge Reed C. O'Connor **DISMISS** the Petition for Writ of Habeas Corpus (ECF No. 1) **with prejudice** as time-barred.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions,

and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed July 9, 2018.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE